1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No.: 11-CV-05440-LHK |
| Plaintiff, | |
| v. | |
| JAVIER TERAN MOJICA, et al., | ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE |
| Defendants. | |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") brings suit against Defendants Javier Teran Mojica and Evelia Mojica Carpio ("Defendants"), alleging that Defendants engaged in the unauthorized publication or display of a televised boxing match for financial gain in violation of 47 U.S.C. §§ 553 and 605, conversion, and unfair business practices in violation of California Business and Professions Code § 17200, et seq. Complaint, ECF No. 1, ¶¶ 9-37. Currently before the Court is Defendants' Motion to Dismiss for Failure to Prosecute ("Mot."). ECF No. 24. The Court finds this matter appropriate for determination without oral argument and VACATES the hearing set for October 9, 2014. *See* Civil L. R. 7-1(b). Having reviewed the parties' submissions and the relevant law, the Court GRANTS Defendants' Motion.

I.      **BACKGROUND**

Plaintiff is a California corporation with its principal place of business in Campbell, California. Compl. ¶ 6. Plaintiff claims it was granted the exclusive nationwide commercial

1

**United States District Court**
For the Northern District of California

distribution rights to the boxing match, "'Tactical Warfare': Manny Pacquiao v. Antonio Margarito WBC Light Middleweight Championship Fight Program" ("Program"). Compl. ¶ 10. The Program was broadcast nationwide on Saturday, November 13, 2010. *Id*. Plaintiff entered into sublicensing agreements with various commercial entities (i.e. hotels, racetracks, casinos, bars, restaurants) granting them the right to publicly exhibit the Program within their premises. Compl. ¶ 11. Defendants Javier Teran Mojica and Evelia Mojica Carpio were the owners and operators of El Huarache King restaurant in King City, California, from 2005 to August 2013. Declaration of Javier Teran Mojica in Support of Defendants' Motion to Dismiss for Failure to Prosecute ("Mojica Decl."), ECF No. 24-2, ¶ 2. Plaintiff alleges that Defendants willfully exhibited the Program at El Huarache King, without authorization from Plaintiff, for Defendants' financial gain. Compl. ¶¶ 13-14. Defendants deny the allegations. *See* Mojica Decl. ¶¶ 3-4.

## II.    PROCEDURAL HISTORY

Plaintiff filed its Complaint on November 9, 2011. *See* Compl. Plaintiff served Defendants with the Complaint on January 13, 2012, ECF No. 10. Plaintiff filed a declination to proceed before a Magistrate Judge on January 26, 2012, ECF No. 8, and the case was subsequently reassigned to the undersigned judge, ECF No. 9. Defendants filed their Answer on February 10, 2012.[1] ECF No. 13. No actions took place in this matter for approximately two years until April 10, 2014, when this Court set a case management conference in early May. ECF No. 14. Defendants state that between February 10, 2012 and April 2014, they received no written or oral communications from Plaintiff. Mojica Decl. ¶ 7; Declaration of Evelia Mojica Carpio in Support of Defendants' Motion to Dismiss for Failure to Prosecute ("Carpio Decl."), ECF No. 24-3, ¶ 6. On May 5, 2014, Plaintiff sent Defendants its initial disclosures listing as potential witnesses, among others, Defendants, Defendants' employees who were working on the evening of November 13, 2010, and the morning of the following day, and the patrons of Defendants' restaurant during those times.[2] Exhibit A to

---

[1] Defendants initially proceeded pro se in this matter. Mojica Decl. ¶ 7. This Court appointed pro bono counsel for Defendants on April 30, 2014. ECF No. 16.

[2] Plaintiff sent Defendant initial disclosures approximately 28 months after they were due. *See* Order Setting Initial Case Management Conference and ADR Deadlines, ECF No. 4, at 2 (setting deadline of December 20, 2011 to send initial disclosures.) Plaintiff acknowledges it missed this deadline. Opp'n at 8.

Case No.: 11-CV-05440-LHK
ORDER GRANTING MOTION DISMISS FOR FAILURE TO PROSECUTE

1  Declaration of Pei Hsien Ren in Support of Defendants' Motion to Dismiss for Failure to Prosecute

2  ("Ren Decl. Ex. A"), ECF No. 24-1, at 3-4. Plaintiff also disclosed a sworn affidavit from an

3  investigator who says he observed the Program being played at El Huarache King on November

4  13, 2010, in front of approximately 50 patrons. *Id*. at 8-9.

5        On July 10, 2014, Defendants filed this Motion. In support of its motion, Defendants filed:

6  (1) the Declaration of Pei Hsien Ren in Support of Defendant's Motion to Dismiss for Failure to

7  Prosecute, ECF No. 24-1, with two exhibits attached thereto; (2) the Mojica Declaration; and (3)

8  the Carpio Declaration. Plaintiff filed its opposition ("Opp'n") on July 24, 2014, ECF No. 26, as

9  well as the Declaration of Thomas P. Riley in support therewith, ECF No. 26-1. Defendants filed

10  their reply ("Reply") on July 31, 2014. ECF No. 27. On August 7, 2014, Defendants filed a Motion

11  for Leave to File Surreply to Defendants' Reply, ECF No. 28, which attached Plaintiff's surreply,

12  ECF NO. 28-1.[3]

### III.    LEGAL STANDARD

14        A defendant may move to dismiss an action or claim if, inter alia, the plaintiff "fails to

15  prosecute or to comply with these rules or a court order." Fed R. Civ. Proc. 41(b). The courts have

16  read this rule to require that a plaintiff prosecute an action with "reasonable diligence." *Anderson v.*

17  *Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). In the Ninth Circuit, a district court weighs five

18  factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in

19  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

20  prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits;

21  and (5) the availability of less drastic sanctions. *Moneymaker v. CoBen* (*In re* Eisen), 31 F.3d 1447,

22  1451 (9th Cir. 1994).

###     A.    The Public's Interest in Expeditious Resolution of Litigation

24      "The public's interest in expeditious resolution of litigation always favors dismissal."

25  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (internal quotation marks omitted). The

26  "[o]rderly and expeditious resolution of disputes is of great importance to the rule of law," in part

---

[3] The Court hereby grants Plaintiff's Motion for Leave to File Surreply and orders that the surreply attached to Plaintiff's motion is deemed filed. In ruling on this Motion, the Court took into account the arguments Plaintiff raised in its surreply.

because "delay in reaching the merits … is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). Here, there is no dispute that over two years lapsed between Defendants' service of its Answer on February 10, 2014, and April 10, 2014, when this Court set a case management conference in early May 2014. There is also no dispute that during this period, Plaintiff took no action, and made no contact with Defendants. Furthermore, to date nearly three years have passed from when Plaintiff filed its Complaint. This span of time is not commensurate with the "[o]rderly and expeditious resolution of [this] dispute[]." *In re PPA*, 460 F.3d at 1227. Plaintiff argues that it "did precisely what it was instructed to do at every step of the litigation," but Plaintiff also acknowledges that it "does have the ultimate obligation to pursue its claim." Opp'n at 7. Plaintiff cannot excuse its passivity for over two years by saying that Plaintiff has only done what the Court told Plaintiff to do. If Plaintiff truly wanted the justice to which it claims it is entitled, Plaintiff should have had every incentive to move this case along. Plaintiff has not done so.

The Court finds that this factor weighs in favor of dismissal.

### B.      The Court's Need to Manage its Docket

District courts have the inherent power to impose sanctions, including default or dismissal, to control their dockets. *In re PPA*, 460 F.3d at 1227. Here, to have a case sit on the docket for approximately three years, in large part due to the Plaintiff's inactivity, interferes with the Court's ability to effectively manage its docket. The Court finds this factor weighs in favor of dismissal.

### C.      The Risk of Prejudice to Defendants

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The Ninth Circuit has held that "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant. … The law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d at 1452-53. A plaintiff can rebut this presumption of prejudice by offering "an excuse for his delay that is anything but frivolous," at which point "the burden of production shifts

4

United States District Court
For the Northern District of California

to the defendant to show at least some actual prejudice." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980).

Here, it is undisputed that there has been a delay of over two years between when Defendants filed their Answer and Plaintiff took its next action. Moreover, it is undisputed that nearly three years have elapsed between now and when Plaintiff filed its complaint. The Court finds that this substantial delay is unreasonable and therefore creates a presumption of prejudice. Moreover, Plaintiff does not even attempt to offer a non-frivolous excuse for its delay. Plaintiff claims that it has "offered clear explanations of every step it has taken and why," Opp'n at 10, but it is unclear what "clear explanations" Plaintiff references. Indeed, the only explanation the Court can identify in Plaintiff's papers is that Plaintiff "has adhered to the Federal Rules of Civil Procedure and adhered to the Orders of this Court," and that it is "reasonable for Plaintiff to prosecute its case as directed by the Orders of this Court." Opp'n at 7; *see also id.* at 8 ("Plaintiff has followed this Court's Orders and taken the steps it has been required to take."). However, it is *un*reasonable for Plaintiff to let this matter languish for over two years. Moreover, Plaintiff's claim that it has complied with the orders of this Court is not an excuse; it is Plaintiff's burden, not the Court's, to prosecute Plaintiff's claims with reasonable diligence. Furthermore, even if Plaintiff had offered a non-frivolous excuse for its delay, Defendants have shown that the delay has impaired or interfered with their ability to put on their defense. Plaintiff's disclosures show that its case will rely on the testimony of eyewitnesses, including that of Defendants, Defendants' employees and patrons, and Plaintiff's investigator. *See* Ren Decl. Ex. A, at 3-4. However, given that approximately four years have passed between now and the evening in question, there is a substantial risk that the passage of time has eroded at least some of these witnesses' memories.[4]

---

[4] Plaintiff disputes the veracity of Defendants' claims, arguing that it is incongruous for Defendants to state that their memories have been generally impaired such that they cannot recall with specificity what happened the night of November 13, 2010, but to also state that they did not exhibit the Program at their restaurant. Opp'n at 10; *see also* Mojica Decl. ¶ 4 ("The restaurant did not display 'Tactical Warfare, Pacquiao v. Margarito' on any of the TVs in the restaurant on November 13, 2010.") Defendants claim that their restaurant lacked cable or satellite TV connections to any of its television sets, and that the televisions were not capable of streaming video from the Internet. Mojica Decl. ¶ 4. Therefore, it is not contradictory for Defendants to state that they did not exhibit a live boxing match, and to state that they do not recall the events of that evening with specificity.

5

*See* Mojica Decl. ¶ 5 ("November 13, 2010 was an uneventful night nearly four years ago, and I have a (sic) difficulty recalling what happened that particular night."); Carpio Decl. ¶ 5 (same). The loss of evidence or memory is sufficient to show that Defendants have suffered prejudice, especially in a case that appears to hinge almost entirely on the memory of eyewitnesses.[5] *See In re PPA*, 460 F.3d at 1228 ("Prejudice normally consists of loss of evidence and memory …"); *Pagtalunan v. Galaza*, 291 F.3d at 643 ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). Moreover, Defendants closed their restaurant in August 2013, *see* Carpio Decl. ¶ 2, making it more likely that it will be difficult to find witnesses who might contribute to their defense. The Court finds that Plaintiff's delay has prejudiced Defendants. Therefore, this factor weighs in favor of dismissal.

### D.     The Public Policy Favoring Disposition of Cases on Their Merits

The public policy that favors disposition of cases on their merits means that this factor almost always weighs against dismissal. *See Pagtalunan*, 291 F.3d at 643. However, Plaintiff's unreasonable delay has caused Defendants to suffer prejudice that itself may interfere with the disposition of this case on the merits. *See In re PPA*, 460 F.3d at 1228 ("At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.") Therefore, the Court finds that even if this factor weighs against dismissal, the weight is slight.

### E.     The Availability of Less Drastic Alternatives

Dismissal of a complaint under Rule 41(b) is a "harsh remedy," and the district court should consider adopting less drastic alternatives. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Monetary sanctions are a less drastic alternative that would punish Plaintiff for its delay. But while imposing such sanctions might encourage Plaintiff to be more diligent in its prosecution going forward, it will not cure the prejudice Defendants have already suffered. Nevertheless, the Court finds that this factor weighs against dismissal of Plaintiff's complaint.

---

[5] Defendant Javier Mojica also claims that his doctor has prescribed him pain medication that affects his memory and makes it harder for him to recall things that occurred in the past. Mojica Decl. ¶ 6. However, there was not any evidence presented as to when Mojica began taking this medication, and therefore there is no evidence linking this with the prejudice Defendants suffered as a result of Plaintiff's delay.

Case No.: 11-CV-05440-LHK
ORDER GRANTING MOTION DISMISS FOR FAILURE TO PROSECUTE

## IV.     CONCLUSION

Taking into consideration the public's interest in the expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives, the Court hereby GRANTS Defendants' motion to dismiss for failure to prosecute. The Court dismisses Plaintiff's complaint with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 25, 2014

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-05440-LHK
ORDER GRANTING MOTION DISMISS FOR FAILURE TO PROSECUTE

United States District Court
For the Northern District of California